JEFFERSON PRATT *vs.* WILLIAM H. HARLOW.

The mortgagee of personal property, although his mortgage is not recorded, may maintain an action of tort against one who, without any title, takes the property from the possession of the mortgagor.

ACTION OF TORT for the conversion of a horse. At the trial in the court of common pleas, at April term 1859, before *Aiken,* J., the plaintiff claimed title under a mortgage from William C. Mellus, who was allowed by the plaintiff to retain possession of the horse after the execution of the mortgage; and introduced evidence tending to show that Mellus owned the horse at the time of making the mortgage. The defendant denied the title of Mellus; introduced evidence that the horse was the property of a firm, consisting of Mellus and George W. Robinson; and claimed the horse under a conveyance from Robinson earlier than the plaintiff's mortgage. There was also evidence that the firm of Robinson & Mellus principally transacted their business in Roxbury; but the plaintiff's mortgage was recorded only in the office of the town clerk of Dorchester, where Mellus resided. The instructions requested, as well as those given, are stated in the opinion. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. W. May,* for the defendant.

*A. C. Clark,* for the plaintiff.

DEWEY, J. The only question raised upon the bill of exceptions is upon the refusal of the presiding judge to rule, in accordance with the request of the counsel for the defendant, that if the jury were satisfied that, at the time when the mortgage was executed and delivered, Mellus, the mortgagor, principally transacted his business and followed his trade in the city

of Roxbury, and the mortgage was not recorded in the city of Roxbury, the plaintiff could not recover against the defendant.

As to this point, the court ruled that, although the jury should be so satisfied, yet, if the jury found that the horse belonged to Mellus when he mortgaged it to the plaintiff, the plaintiff could recover under the mortgage as against one not claiming title under the mortgagor or under any one who could convey a title to him. The case upon this point is merely the question whether the plaintiff has a good legal title by virtue of this mortgage as against a mere intruder, denying the plaintiff's title, but establishing none in himself.

To maintain the action, it is true that the plaintiff must prove property in himself and the right of possession at the time of the alleged conversion. This he does by showing the execution of a mortgage of the property to himself, duly executed, to secure to him the payment of a sum of money named therein. This mortgage was recorded in the records of mortgages for the town of Dorchester. By force of the *St.* of 1843, *c.* 72, it was required to have been recorded " as well by the clerk of the town where the mortgagor resides, as by the clerk of the town in which he principally transacts his business or follows his trade or calling." Assuming, as the prayer for instructions does, that the principal place of business of the mortgagor was in Roxbury, then the statute required this mortgage to be recorded in the city clerk's office in Roxbury. As no such record was made, the mortgage would not avail, as against a subsequent purchase by or through the mortgagor, or against an attaching creditor of the mortgagor. But as between vendor and vendee it operated as a transfer of the property, and gave to the mortgagee the right to take possession under such mortgage; and upon a demand made upon one not deriving title through the mortgage and having no valid title through a third person, and a refusal to deliver the same and denial of the plaintiff's right to the property, such mortgage title may avail the mortgagee. He succeeds to the rights of the mortgagor so far that, if a stranger converts the property, he may as against him assert a title. That such a mortgage,

independently of the statute requiring the same to be recorded, would vest the general property in the mortgagee, and, as there is no stipulation to the contrary, the right also to. immediate possession, and the right to maintain an action of tort for a conversion of the property mortgaged, is well settled. *Brackett* v. *Bullard*, 12 Met. 308.

The object of the statute requiring the mortgage to be recorded was the protection of persons claiming under the mortgagor, and as respects such persons the title of the plaintiff would be invalid. By the Rev. Sts. *c.* 74, § 5, containing the provision that the mortgage should be recorded by the clerk of the town where the mortgagor resided, it was provided that unless so recorded it should not be valid " against any other person than the parties thereto," thus recognizing its validity to some extent, and leaving open only the question who are meant by " other persons." Looking at its object and the mischiefs apparently intended to be remedied by the law requiring mortgages of personal property to be recorded, the court are of opinion that the instructions given were correct, and that the omission to have the mortgage recorded in the city of Roxbury would not prevent the plaintiff from recovering against a mere stranger who should convert the property to his own use after demand made on him. *Exceptions overruled.*